IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ABM ENTERPRISE LLC and its members DEREKA BROWN, JAMES BODDIE, and BRUCE ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>ASI HOME INSURANCE CORP. d/b/a PROGRESSIVE HOME,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*  Civil Action File No.:<br>*  _____<br>*<br>*<br>*<br>*<br>* |

**COMPLAINT**

COME NOW Plaintiffs and file this Complaint, showing the Court the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff ABM Enterprise LLC is a Georgia partnership and its members Plaintiffs Dereka Brown, James Boddie, and Bruce Anderson are citizens of Georgia and subject to the jurisdiction of this Court. In accordance with Local Rule 87.2, Plaintiffs provide this jurisdictional statement stating that ABM Enterprise LLC has its principal place of business in Georgia and is a default partnership under Georgia law but has not filed documents to incorporate. The members of ABM Enterprise LLC are Dereka Brown, James Boddie, and Bruce Anderson who are all Georgia residents.

2. Defendant ASI Home Insurance Corp. d/b/a Progressive Home (hereinafter "Progressive Home" or "Defendant") is a foreign corporation engaged in the business of selling insurance to the public and to residents in Muscogee County, Georgia. Progressive Home's principal place of business is located at 1 ASI Way, St. Petersburg, Florida 33702. Service of the Summons and

Complaint may be served on Progressive Home's registered agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia  30066.

3.      There is complete diversity of citizenship between Plaintiffs and Progressive Home and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  Thus, this Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332.

4.      This Court has personal jurisdiction over Progressive Home.

5.      Due to the substantial business contacts Progressive Home has in this district and division, Progressive Home is deemed to reside in this district and division under 28 U.S.C. § 1391(c)(2) & (d) and venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## STATEMENT OF FACTS

6.      At all times relevant to this Complaint, ABM Enterprise LLC owned the property at 3219 Tobe Harris Street, Greenville, Georgia  30222.

7.      On and before August 13, 2022, the property at 3219 Tobe Harris Street was insured under an insurance policy issued by Progressive Home to Plaintiffs with a policy number of GAA307907.

8.      Exhibit A is a true and correct copy of the insurance policy issued with respect to the property at 3219 Tobe Harris Street for policy period 03/07/2022 to 03/07/2023.

9.      Plaintiffs were billed for coverage under the insurance policy and paid for it.

10.     The insurance policy was in effect on August 13, 2022.

11.     The insurance policy provided "We [Progressive Home] cover … the dwelling on the Described Location shown in the Declarations, used principally for dwelling purposes …."

12.   The Declaration Page of the insurance policy provided "Coverages and Limits of Liability" of "$153,000" subject to a deductible of "$1,000" for the "Dwelling" on the described location of 3219 Tobe Harris Street shown in the declarations.

13.   The insurance policy provided "subject to the policy limits that apply, we [Progressive Home] will pay only that part of the total loss payable that exceeds the deductible amount shown in the Declarations."

14.   The insurance policy provided Progressive Home will pay for damages to Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following … not more than the least of the following amounts … The limit of liability under this policy that applies to the building…"

15.   The insurance policy provided Progressive Home "will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after we receive your proof of loss and … each an agreement with you."

16.   On August 13, 2022, the dwelling on the described location at 3219 Tobe Harris Street was destroyed by fire.

17.   The above-stated destruction by fire of the dwelling at 3219 Tobe Harris Street is a covered loss under the insurance policy that qualifies for payment of the "$153,000" limits of liability for the "Dwelling" less a deductible of "$1,000."

18.   Plaintiffs complied with all relevant conditions of the insurance policy.

19.   Despite having a contractual obligation to pay insurance benefits to Plaintiffs pursuant to the terms of the insurance policy, Progressive Home has breached its contract with Plaintiffs and has refused to pay Plaintiffs the agreed-upon insurance benefits that are owed.

20. As a result of Progressive Home's breach of contract, Progressive Home is liable to Plaintiffs in the amount of $152,000 for the destruction by fire of the dwelling.

21. Pursuant to OCGA § 33-4-6, Plaintiffs sent a letter to Progressive Home on January 18, 2023 demanding payment for the covered loss within 60 days after receipt of the demand letter by Progressive Home. The letter was received on or before January 23, 2023 as evidenced by certified mail return receipt.

22. Exhibit B is a true and correct copy of the above-stated demand letter and return receipts.

23. Progressive Home refused to pay for the loss within the 60-day period.

24. Progressive Home's refusal to pay for the covered loss was in bad faith.

25. Pursuant to OCGA § 33-4-6, Progressive Home is liable to pay Plaintiffs, in addition to the loss covered by insurance policy, an additional 50% of the liability of the insurer for the loss and all reasonable attorney's fees.

26. Progressive Home has acted in bad faith, has been stubbornly litigious, or has caused Plaintiffs unnecessary trouble and expense as contemplated by OCGA § 13-6-11.

27. Pursuant to OCGA § 13-6-11, Progressive Home is liable for expenses of litigation including attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that summons issue requiring Defendant to appear as provided by law to answer this Complaint;

(b) that Plaintiffs have a trial by jury;

(c) that Plaintiffs recover compensatory damages sufficient to compensate fully and fairly for all losses proximately caused by Defendant and that are compensable

under Georgia law;

    (d)    that Plaintiffs recover, pursuant to OCGA § 33-4-6, in addition to the loss covered by insurance policy, an additional 50% of the liability of the insurer for the loss and all reasonable attorney's fees;

    (e)    that Plaintiffs recover, pursuant to OCGA § 13-6-11, expenses of litigation including attorney's fees;

    (f)    that all costs be cast against Defendant; and

    (g)    for such other relief as the Court deems just and appropriate.

Respectfully submitted this 22nd day of March, 2023.

CRAWFORD & BROWN
LAW FIRM LLP

Post Office Box 1118  
Columbus, GA 31902  
Telephone: (706) 320-9646  
Facsimile: (706) 494-0221  

By: /s/ Dustin T. Brown  
    Dustin T. Brown  
    Georgia Bar No. 086998  
    dustin@crawfordandbrown.com  

128 North Main Street  
P.O. Box 109  
Luthersville, GA 30251  
Telephone: (770) 927-0085  
Facsimile: (678) 884-9019  

TRAMMELL SAMS, LLC

By: /s/ Robert T. Trammell, Jr.  
    Robert T. Trammell, Jr.  
    Georgia Bare No. 715351  
    bob@trammellfirm.com  

*Attorneys for Plaintiffs*