IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DEREKA BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE NO. 4:23-CV-00057-CDL |
| ASI HOME INSURANCE CORP. d/b/a PROGRESSIVE HOME, | ) |
| Defendant. | ) |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND ORDERED** by the Court as follows:

Plaintiff Dereka Brown ("Brown") and Defendant ASI Home Insurance Crop. ("ASI")[1] (collectively, the "Parties"), by and through their respective counsel and pursuant to Fed. R. Civ. P. 26, have agreed and stipulated to the entry of the following protective order for the production of certain of ASI's underwriting manuals, which ASI asserts contains trade secrets or other confidential/proprietary research, development, financial, technical, or commercial information as defined by Fed. R. Civ. P. 26(c)(1)(G), O.C.G.A. § 10-1-761(4), Section 1(4) of the Uniform Trade Secrets Act, and/or otherwise confidential/proprietary or highly sensitive information. ASI desires to protect against disclosure of such information and documents in a manner that is inconsistent or contrary to the terms of this Stipulated Confidentiality and Protective Order.

**ACCORDINGLY**, the Parties hereby agree to the entry of this Stipulated Confidentiality and Protective Order, and the Court finds good cause for entry of this Stipulated Confidentiality and Protective Order.

---

[1] ASI Home Insurance Corp. is not "d/b/a Progressive Home."

**IT IS THEREFORE ORDERED** that:

1. The terms of this Stipulated Confidentiality and Protective Order are to protect ASI's underwriting manuals requested by Brown in discovery in this lawsuit to the extent those underwriting manuals contain trade secrets or other confidential/proprietary materials

2. ASI will designate as "Confidential" those portions of its underwriting manuals it contends in good faith contain trade secrets or other confidential/proprietary material by placing, stamping, or otherwise affixing on each page of the material the following or a substantially similar legend: **"CONFIDENTIAL"**. Oral testimony in depositions or other proceedings concerning ASI's underwriting manuals may be designated as "Confidential" by oral request on the record in the deposition or other proceeding. The written transcript will bear the legend described above. ASI will only designate documents and oral testimony as "Confidential" that it believes in good faith contains trade secrets or other confidential/proprietary material. Brown may dispute ASI's designation, and the burden of proving trade secrets or confidential/proprietary material will remain on ASI.

3. Material designated "Confidential" pursuant to this Stipulated Confidentiality and Protective Order shall refer to any so designated document, testimony, other information, or tangible thing, and all copies thereof, and shall also refer to the information contained in such material and any summaries thereof.

4. The Parties agree that any documents comprising ASI's underwriting manuals that are produced by ASI in this lawsuit shall be subject to this Order. If any such document or oral testimony is later found to not be a trade secret or confidential, then it shall no longer be subject to this Order.

5. Any material designated as "Confidential" shall be used by any recipient thereof

solely for the purposes of this litigation and shall not be disclosed to any person other than in connection with the prosecution or defense of this action. Materials designated "Confidential" shall not be disclosed to any person or entity except:

(a) the Court, including appellate courts, and its officers in this litigation, including court reporters, persons operating video equipment and any special discovery masters or allocation masters appointed by the Court, regardless of whether the Court places such confidential material under seal;

(b) the Parties' counsel and their employees working under the direct supervision of counsel, who are involved in or consulted in connection with this litigation;

(c) employees, former employees, and agents of the Parties who are working on behalf of the Parties in this litigation, but only in connection with such work;

(d) third parties, including but not limited to, experts or consultants, engaged by counsel or the Parties to assist in the prosecution or defense of this litigation;

(e) directors, officers, employees, agents or representatives of the Parties, who, in the normal course of business would have access to, or to whom a Party has a contractual, business, legal or regulatory obligation to provide, such confidential material;

(f) auditors, accountants, reinsurers, reinsurance intermediaries, or retrocessionaires who, in the normal course of business, would have access to, or to whom a Party has a contractual, business, legal, or regulatory obligation to provide, such confidential material;

(g) contractors, or employees of contractors, who are retained by a Party and who are involved in one or more aspects of organizing, filing, duplicating, coding, converting, storing or retrieving data or designing programs for handling data in connection with this litigation, including the performance of such duties relating to a computerized litigation support system;

(h) any person designated by the Court in the interest of justice to receive such confidential material, upon such terms as the Court may deem appropriate and just; and

(i) if it is later found, upon motion filed by Brown, that the materials designated by ASI are not entitled to the protection of confidentiality.

6. If Brown files a motion challenging a confidentiality designation by ASI, ASI shall have the burden of proof in establishing that any designated documents should be entitled to

confidentiality. However, prior to filing such a motion, Brown must confer in good faith with ASI to work out any dispute over a confidentiality designation. Brown's obligation to confer in good faith includes but is not limited to explaining to ASI in detail why Brown believes the documents being challenged are not confidential. Failure of Brown to confer in good faith with ASI prior to filing a motion to challenge the confidentiality shall result in such motion being denied. Additionally, if ASI believes that Brown has violated this Protective Order in any way, ASI shall confer in good faith with Brown concerning ASI's beliefs and provide a reasonable time for cure. Failure of ASI to confer in good faith and allow a reasonable time for cure prior to filing any motion alleging that Brown has violated this Protective Order shall result in such motion being denied.

7. No designation of confidentiality shall be effective unless there is placed or affixed on such material a notice as provided in Paragraph 2, above.

8. A Party may disclose "Confidential" material to a person or entity identified in Paragraph 5(d) only after they have furnished that person or entity with a copy of this Stipulated Confidentiality and Protective Order, advised them that they are required to abide by the terms of this Order, and received an executed copy of the Confidentiality Agreement attached hereto as Exhibit "A."

9. Documents or information designated as "Confidential" under this Stipulated Confidentiality and Protective Order that are submitted to the Court shall be offered or filed under seal and bear the following statement on the first page of the submission:

**CONFIDENTIAL**

Moreover, any motion, memorandum or other pleading (or portions thereof), the filing of which would have the effect of disclosing or describing any document, testimony or other

information or tangible thing that has been designated "Confidential" pursuant to this Stipulated Confidentiality and Protective Order, shall also be offered or filed under seal.

10. Nothing in this Stipulated Confidentiality and Protective Order shall preclude any person from applying to the Court, on notice, for an order placing under seal any documents designated as "Confidential" that are received by the Court. The burden of establishing confidentiality shall always rest on ASI.

11. Upon termination of this action (whether by judgment, settlement, or otherwise), Brown shall: (a) assemble and return to ASI all "Confidential" documents in Brown's possession, including all copies thereof (but not including copies contained in e-mail communications, or copies containing notes or other attorneys' work product that may have been placed thereon by counsel); (b) destroy all "Confidential" documents (not including copies contained in e-mail communications); or (c) if necessary to fulfill a Party's contractual, business, legal and/or regulatory obligations to the parties listed in Paragraph 5(f), Brown shall retain all "Confidential" documents in her possession in order to provide access to those parties. Retention of Confidential Materials shall be subject to the provisions of this Order.

12. A Party shall not be deemed by the entry of this Stipulated Confidentiality and Protective Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action. In the event of any inadvertent disclosure of any "Confidential" material, ASI reserves all rights that it may have as a matter of law with respect to such inadvertent disclosure.

13. ASI may, within ten (10) days of discovery that it has inadvertently and unintentionally produced material that it considers "Confidential" without the required legend pursuant to Paragraph 2, above, designate such material as "Confidential" by notifying the

recipient(s), which recipient(s) shall affix, or arrange to have affixed, at ASI's expense, the required legend pursuant to Paragraph 2, above.

14. This Stipulated Confidentiality and Protective Order shall survive the resolution of this action and continue in full force and effect. A copy of this Stipulated Confidentiality and Protective Order shall be served on all Parties within five (5) days of its receipt by counsel.

This 3rd day of April, 2024.

IT IS SO ORDERED:

                              __S/Clay D. Land
                              Honorable Clay D. Land
                              Judge, United States District Court
                              Middle District of Georgia

| Prepared by: | Consented to by: |
|---|---|
| /s/ Christopher C. Meeks | /s/ Dustin T. Brown |
| Seth M. Friedman | Dustin T. Brown |
| Georgia Bar No. 141501 | Georgia Bar No. 086998 |
| Christopher C. Meeks | *(with express permission by Christopher Meeks)* |
| Georgia Bar No. 371020 | CRAWFORD & BROWN LAW FIRM LLP |
| LEWIS, BRISBOIS, BISGAARD & SMITH, LLP | Post Office Box 1118 |
| 600 Peachtree Street | Columbus, Georgia 31902 |
| Suite 4700 | T: (706) 320-9646 |
| Atlanta, Georgia 30308 | F: (706) 494-0221 |
| T: (404)348-8585 | dustin@crawfordandbrown.com |
| F: (404)467-8845 | |
| seth.friedman@lewisbrisbois.com | *Attorney for Plaintiff* |
| christopher.meeks@lewisbrisbois.com | |

*Attorney for Defendant*

# ATTACHMENT A
# CONFIDENTIALITY AGREEMENT

I, _____, state that I have read and understood the provisions of the Stipulated Confidentiality and Protective Order dated _____ entered in *Dereka Brown v. ASI Home Insurance Corp.*, in the United States District Court for the Middle District of Georgia, Columbus Division, Civil Action 4:23-cv-00057-CDL, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

I understand that I am to retain all copies of any information, material or document, designated as **CONFIDENTIAL** in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writings prepared by me containing any information, material or document designated as **CONFIDENTIAL** are to be returned to counsel who provided me with such materials.

I will only make such copies or notes as are essential to enable me to render the assistance required in connection with this litigation, and such notes or copies shall be preserved in a separate file marked for disposal or destruction upon completion of this litigation.

I will not disclose or divulge any information, material or document, designated as **CONFIDENTIAL** to persons other than those specifically authorized by said Order. I also agree to notify any secretarial, stenographic, clerical, or other personnel who are required to assist me of the terms of said Order.

I will not, now or at any time in the future, copy or use any **CONFIDENTIAL** material for business or competitive purposes, or for any purpose other than the prosecution or defense of this action.

I state under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, _____.

_____

STATE OF _____
COUNTY OF _____

I, _____, a Notary Public within and for said County and State, do hereby certify that _____ personally appeared before me this day and acknowledged the execution of the foregoing instrument.

WITNESS my hand and official seal, this the \_\_\_\_ day of _____, \_\_\_\_\_.

_____
My Commission Expires:_____    Notary Public